ALEXANDER B. TRUEBLOOD (Cal. Bar No. 150897)
TRUEBLOOD LAW FIRM
10940 Wilshire Boulevard, Suite 1600
Los Angeles, California 90024
Telephone:  (310) 443-4139
Facsimile:  (310) 943-2255

Attorneys for Plaintiff
JUSTIN GARCIA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA - FRESNO

| | |
|---|---|
| JUSTIN GARCIA,<br><br>         Plaintiff,<br><br>    vs.<br><br>MUSHEER A. KAKISH, KEITH JERED CHURCH, SANTANDER CONSUMER USA INC., and DOES 1 through 10, inclusive,<br><br>         Defendants. | Case No:<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**<br><br>JURY TRIAL DEMANDED |

Plaintiff Justin Garcia hereby complains against defendants Musheer A. Kakish, Keith Jered Church, Santander Consumer USA Inc., and Does 1-10, and alleges on information and belief as follows:

## **OPERATIVE FACTS**

1. Plaintiff purchased an automobile on credit from a dealership in California. Defendant Santander Consumer USA Inc., an automotive lender, took assignment of the contract. When plaintiff fell behind on his payments, Santander hired an unlicensed repossession agency, third party Par, Inc., to repossess plaintiff's vehicle. Par then subcontracted defendants Kakish and Church, who were doing business as All County Recovery, to physically take plaintiff's vehicle.

2. Plaintiff and his brother came to a stop in a Walmart parking lot. Two repo men from All County Recovery suddenly pulled up in a tow truck, and blocked plaintiff's vehicle from behind. One repo man descended from the tow-truck, came around to plaintiff's window, and announced the vehicle was being repossessed. Plaintiff objected to the repossession. The repo man forcibly opened the driver's door to plaintiff's vehicle, and slammed it into another car which was parked beside plaintiff, damaging that vehicle. Plaintiff and his brother did not exit the vehicle. The repo man then motioned to his partner, the tow-truck driver, to start backing into plaintiff's car. The tow truck banged into plaintiff's vehicle from behind, and began lifting it in the air, with plaintiff and his brother still inside. Plaintiff's brother hit his head and was injured.

3. Plaintiff and his brother exited the vehicle, and plaintiff continued to object to the repossession and the damage that had been done to the other vehicle. All County Recovery's repo man became enraged, and stated he had called the police, who were on their way to the scene. This was a lie. Eventually, plaintiff turned over his keys, and All County Recovery drove away in the vehicle.

4. Accordingly, defendants breached the peace in conducting the repossession of plaintiff's vehicle, in violation of Commercial Code § 9609(b).

5. Plaintiff is informed and believes that one or more of All County Recovery's employees who assisted in the repossession was not properly registered as a repossession agency employee with the Bureau of Security and Investigative Services, and therefore had no legal right to participate in locating or repossessing plaintiff's vehicle.

6. All County Recovery absconded with some of plaintiff's personal possessions still in the vehicle. In violation of the Collateral Recovery Act, Bus. & Prof. Code §§ 7507.9 and 7507.10, All County Recovery failed to notify plaintiff in writing of the seizure of the vehicle within 48 hours, and failed to mail him a written inventory of the personal items it had seized. Plaintiff called All County Recovery to get his possessions back, and All County Recovery told him he would be charged more than $200 for the storage of his property. All County Recovery was not entitled to charge plaintiff any money for storage of his personal possessions, because it had failed to comply with Bus. & Prof. Code § 7507.10(f), which requires "A disclosure of the charges payable by the debtor to the repossession agency for the storage of the collateral and personal effects from the date of repossession until release of the property from storage." In addition, the demand for over $200 violated Bus. & Prof. Code § 7507.5, which states "No charge shall be made for services incurred in connection with the recovery, transportation, and storage of collateral except under terms agreed to by the legal owner at the time of the repossession authorization or specifically agreed upon at a subsequent time." Santander, the legal owner, and Par, Inc., the unlicensed repossession agency which took the assignment, have an agreement that any charges to the borrower for personal property or vehicle storage, shall not exceed $150. Plaintiff is informed and believes that Par imposed this requirement on All County Recovery in its subcontractor agreement.

7. In violation of the Rees-Levering Automobile Sales Finance Act, Santander never mailed plaintiff a written post-repossession notice ("NOI"), as

required by Civil Code § 2983.2(a). Plaintiff later obtained a copy of an alleged NOI, which Santander claimed to have issued.  This purported NOI was defective and violated the Rees-Levering Act, Civil Code § 2983.2(a), in the following ways:

 (a)  in violation of Civil Code § 2983.2(a)(2), the NOI failed to disclose the due date of a monthly installment payment coming due during the reinstatement period;

 (b) in violation of Civil Code § 2983.2(a)(2), the NOI failed to disclose the due date and amount of a late fee on the monthly installment payment coming due during the initial or extended reinstatement period;

 (c) in violation of Civil Code § 2983.2(a)(1), (a)(2), the NOI failed to disclose that plaintiff would have to pay a third party repossession agency for administrative fees and vehicle storage fees, in order to reinstate/redeem his contract;

 (d) in violation of Civil Code § 2983.2(a)(1), (a)(2) and (a)(5), the NOI incorrectly disclosed that plaintiff would have to pay Santander $150 for a "Storage/Admin" fee, when in fact this fee was payable only to the repossession agency;

 (e) in violation of Civil Code §§ 2983.2(a)(1), the NOI stated that plaintiff would have to pay "Interest on the unpaid principal at the annual percentage rate of 0.0%" in order to redeem the vehicle, when in fact the interest rate was much higher.  In addition, this disclosure failed to itemize the exact amount of the interest owing, the unpaid principal, or how to calculate the interest;

 (f) in violation of Civil Code § 2983.2(a)(4), the NOI stated that the vehicle would be returned to plaintiff upon redemption or reinstatement at the repossession agency's address, when in fact it would have been returned to plaintiff at an auto auction whose name and address were not disclosed;

 (g) in violation of Civil Code § 2983.2(a)(1), (a)(2) and (a)(5), the NOI failed to disclose various charges and fees of the auto auction where plaintiff's vehicle was stored, which plaintiff would have had to pay in order to reinstate or redeem

the vehicle;

(h) in violation of Civil Code § 2983.2(a)(3), the NOI provided a form for applying for an extension of the reinstatement period, but did not limit the substance of the form to the extension request, spaces for the requesting party to sign and date the form, and instructions for sending the form.

8. The legal result of Santander's violations of the Rees-Levering Act was that it was prohibited from collecting any deficiency balance from plaintiff, pursuant to Civil Code § 2983.2(a). Plaintiff did not reinstate or redeem his contract, and Santander sold plaintiff's vehicle. Notwithstanding its defective NOI and the absolute legal bar to any deficiency balance mandated by Civil Code § 2983.2(a), Santander assessed plaintiff a deficiency balance.

9. Santander has been sued in previous litigation for the same violations which appear in plaintiff's NOI. Santander thus knew that plaintiff didn't owe a deficiency balance. Nevertheless, Santander reported to the three credit reporting agencies, Trans Union, Experian, and Equifax, that plaintiff owed a deficiency balance. A deficiency balance is a seriously derogatory mark on a consumer's credit report.

10. In order to force plaintiff to pay a debt he didn't owe, Santander continued reporting the unlawful deficiency balance each and every month from the time the deficiency balance was assessed, through the present. These were willful violations of the Consumer Credit Reporting Agencies Act, Civil Code § 1785.25(a), which prohibits furnishing information on a specific transaction or experience to a consumer credit reporting agency if the furnisher knows or should know the information is incomplete or inaccurate.

## JURISDICTION AND VENUE

11. The court has original jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d). The court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

12. Venue is proper in the Eastern District of California because a substantial part of the events or omissions giving rise to the claim occurred in this district, and defendants are subject to the court's personal jurisdiction in this district.

## PARTIES

13. Plaintiff Justin Garcia is a natural person over the age of 18 years and is a resident and citizen of the state of California, county of Kern.

14. Defendant Santander Consumer USA Inc. is an Illinois corporation, headquartered in Texas.

15. Defendant Musheer A. Kakish is an individual of unknown residence. He is an owner of All County Recovery, which is his fictitious business name.

16. Defendant Keith Jered Church is an individual of unknown residence. He is an owner of All County Recovery, which is his fictitious business name.

17. Defendants Does 1 through 10 are persons or entities whose true names and capacities are presently unknown to plaintiff, and who therefore are sued by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants perpetrated some or all of the wrongful acts alleged herein, is responsible in some manner for the matters alleged herein, and is jointly and severally liable to plaintiff. Plaintiff will seek leave of court to amend this complaint to state the true names and capacities of such fictitiously named defendants when ascertained.

18. Defendant Santander hired Par, Inc. as an independent contractor, and Par, Inc. hired All County Recovery (defendants Kakish and Church) as an independent contractor. However, Santander had a nondelegable duty to obey the applicable laws governing such an inherently dangerous activity as repossession. Accordingly, notwithstanding that it hired Par, Inc. and Kakish/Church as independent contractors, Santander is liable for the acts of defendants Kakish and Church, and their employees, in wrongfully repossessing plaintiff's vehicle.

## FIRST CAUSE OF ACTION
**(Against Defendants Kakish, Church, and the Doe Defendants for Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.)**.

19. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

20. Plaintiff is a "consumer" who allegedly owed a "debt", and defendants are "debt collectors," as those terms are defined at 15 U.S.C. § 1692a. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

21. Defendants violated 15 U.S.C. § 1692f(6) by taking any nonjudicial action to effect dispossession or disablement of property when (1) there was no present right to possession of the property claimed as collateral through an enforceable security interest; and/or (2) the property was exempt by law from such dispossession or disablement.

22. Plaintiff is entitled to any actual damages sustained by him as a result of defendants' conduct, in an amount according to proof, pursuant to 15 U.S.C. § 1692k.

23. Plaintiff is entitled to statutory damages of $1,000 against each defendant, pursuant to 15 U.S.C. § 1692k. Defendants have frequently and persistently failed to comply with the FDCPA, and have violated the FDCPA intentionally. The nature of defendants' violations justifies the maximum statutory damages award available.

24. Plaintiff is entitled to the costs of the action, together with a reasonable attorneys fee, pursuant to 15 U.S.C. § 1692k.

WHEREFORE, plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION
**(Against all Defendants for Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788 et seq.)**

25. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

26. The California Legislature has found that "unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers." Cal. Civ. Code § 1788.1(a)(2). It thus enacted the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq. (the "Rosenthal Act"), to ensure the integrity of our banking and credit industry. Id. § 1788.1(b).

27. Plaintiff is a "debtor" within the meaning of Civil Code § 1788.2(h) in that he is a natural person from whom defendants sought to collect a "consumer debt" alleged to be due and owing by reason of a consumer credit transaction. "Debt" is defined under the Rosenthal Act to mean "money, property or their equivalent which is due or owing or alleged to be due or owing from a natural person to another person." Civil Code § 1788.2(d).

28. The defendants at all times relevant herein were "debt collectors" within the meaning of Civil Code § 1788.2(c), in that they regularly and in the ordinary course of business, on behalf of themselves or others, engage in acts and practices in connection with the collection of money or property which is due or alleged be due or owing by reason of a consumer credit transaction.

29. Defendants violated Civil Code § 1788.10(a) by using physical force or violence to cause harm to any person or their property.

30. Defendants violated Civil Code § 1788.10(a) by using criminal means to cause harm to any person or their property. The crimes committed include: (1) Bus. & Prof. Code § 7502.1(a), by violating Bus. & Prof. Code §§ 7507.9 and 7501.10, 7502, 7500.2(c), 7506.3, 7506.13, and 7507.5; and (2) Penal Code §§ 240, 242, and 245. In addition, Santander willfully failed to comply with the Rees-

Levering Act, which was a crime under Civil Code § 2983.6.

31. Defendants violated Civil Code § 1788.13(e) by making the false representation that a consumer debt may be increased by the addition of service fees or other charges when, in fact, such fees or charges could not legally be charged.

32. Defendants violated Civil Code § 1788.14(b) by collecting or attempting to collect from the debtor the whole or any part of the debt collector's fee or charge for services rendered, or other expense incurred by the debt collector in the collection of the consumer debt, except as permitted by law.

33. Defendants violated Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692d, by engaging in harassing and abusive conduct.

34. Defendants violated Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692e, by misrepresenting to plaintiff that the police had been called, when they had not. In addition, defendant Santander misrepresented to plaintiff that he owed a deficiency balance to Santander, when he did not.

35. Defendants violated Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692f, by engaging in unconscionable conduct, including but not limited to conducting a repossession in breach of the peace, and without the proper licensing.

36. As a proximate result of defendants' violations of the Rosenthal Act, plaintiff has been damaged in amounts which are subject to proof. Plaintiff is entitled to recover his actual damages pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(1), or in the alternative, Civil Code § 1788.30(a).

37. Defendants' violations of the Rosenthal Act were willful and knowing. Plaintiff is entitled to recover statutory damages of $1,000 per defendant pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(2)(A), and Civil Code § 1788.30(b).

38. Plaintiff is entitled to recover his attorneys fees and costs pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3), or in the alternative, Civil Code § 1788.30(c).

39. Plaintiff seeks treble damages pursuant to Code of Civil Procedure § 1029.8.

WHEREFORE, plaintiff prays for relief as set forth below.

### THIRD CAUSE OF ACTION
**(Against Defendant Santander for Violations of the California Consumer Credit Reporting Agencies Act, Cal. Civil Code § 1785.1 et seq.)**

40. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

41. Defendants violated Civil Code § 1785.25(a) by furnishing information on a specific transaction or experience to a consumer credit reporting agency when defendants knew or should know have known the information was incomplete or inaccurate.

42. Defendants knew that plaintiff owed no deficiency balance on plaintiff's account, due to defendants' violations of the Rees-Levering Act. However, as to plaintiff, defendants reported, and continue to report, a charge-off and a deficiency balance to the credit reporting agencies.

43. Plaintiff has suffered actual damages as a result of defendants' unlawful acts, including but not limited to credit damage, court costs, and pain and suffering.

44. Defendants' violations of the Consumer Credit Reporting Agencies Act were negligent, entitling plaintiff to recover actual damages pursuant to Civil Code § 1785.31.

45. Defendants' violations of the Consumer Credit Reporting Agencies Act were willful, entitling plaintiff to recover punitive damages of up to $5,000 for each month of unlawful credit reporting, and any other relief the court deems

proper, pursuant to Civil Code § 1785.31(a)(1)(B).

46. Plaintiff has been aggrieved by defendants' violations described herein, and seeks injunctive relief to put an end to said violations pursuant to Civil Code § 1785.31(b).

47. Plaintiff is entitled to an award of attorneys fees and costs pursuant to Civil Code § 1785.31(d).

WHEREFORE, plaintiff prays for relief as set forth below.

**FOURTH CAUSE OF ACTION**
**(Against Defendant Santander for Declaratory Relief)**

48. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

49. An actual controversy has arisen between plaintiff and defendant Santander. Plaintiff contends he does not owe a deficiency balance by operation of law, and Santander claims plaintiff does owe the money. Accordingly, plaintiff seeks a declaration that he owes no debt to defendant.

**FIFTH CAUSE OF ACTION**
**(Against All Defendants For Conversion)**

50. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

51. Plaintiff was entitled to immediate possession of his vehicle and his personal possessions inside it, when they were repossessed by defendants.

52. Defendants wrongfully deprived plaintiff of possession of his vehicle and the personal possessions inside it, by repossessing them without any present right to do so, and failing to return them as required by law.

53. As a proximate result of defendants' conduct, plaintiff has suffered and is entitled to recover damages for defendants' conversion.

54. Defendants acted with malice, oppression, and/or fraud towards plaintiff within the meaning of Civil Code § 3294, thereby entitling him to an

award of punitive damages. Defendants' corporate officers, directors, or managing agents are personally guilty of oppression, fraud or malice, had advance knowledge of the unfitness of the employees who acted towards plaintiffs with malice, oppression, or fraud, employed such employees with conscious disregard for the rights or safety of others, and/or themselves authorized or ratified the wrongful conduct or knowingly accepted and retained the benefits of the wrongdoing.

55. Plaintiff seeks treble damages and reasonable attorneys fees and costs, pursuant to Code of Civil Procedure § 1029.8.

### SIXTH CAUSE OF ACTION
**(Against All Defendants For Battery)**

56. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

57. Defendants touched plaintiff or caused him to be touched with the intent to harm or offend him, without his consent.

58. Plaintiff was harmed or offended by defendants' conduct, and a reasonable person in plaintiff's position would have been harmed or offended by such conduct.

59. Defendants acted with malice, oppression, and/or fraud towards plaintiff within the meaning of Civil Code § 3294, thereby entitling him to an award of punitive damages. Defendants' corporate officers, directors, or managing agents are personally guilty of oppression, fraud or malice, had advance knowledge of the unfitness of the employees who acted towards plaintiffs with malice, oppression, or fraud, employed such employees with conscious disregard for the rights or safety of others, and/or themselves authorized or ratified the wrongful conduct or knowingly accepted and retained the benefits of the wrongdoing.

60. Plaintiff seeks treble damages and reasonable attorneys fees and costs, pursuant to Code of Civil Procedure § 1029.8.

## SEVENTH CAUSE OF ACTION
**(Against Defendants Kakish, Church and the Doe Defendants for Violations of the Collateral Recovery Act)**

61.  Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

62.  The two repo men sent by All County Recovery were acting as a "repossession agency" within the meaning of Bus. & Prof. Code § 7500.2, in that they engaged in business and/or accepted employment to locate or recover collateral, for consideration.  They were prohibited from these activities pursuant to Bus. & Prof. Code § 7502, because one or more of them are not licensed in California, nor registered with the BSIS as repossession employees pursuant to Bus. & Prof. Code § 7506.3.

63.  Plaintiff seeks a civil fine of $10,000 against each defendant pursuant to Bus. & Prof. Code § 7502.6(a), and an injunction restraining All County Recovery from further unlicensed activity.

64.  Plaintiff seeks treble damages and reasonable attorneys fees and costs, pursuant to Code of Civil Procedure § 1029.8.

WHEREFORE, plaintiff prays for relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

1. For actual damages;
2. For punitive damages;
3. For statutory damages;
4. For injunctive relief;
5. For declaratory relief;
6. For civil fines;
7. For pre-judgment interest to the extent permitted by law;
8. For an award of attorneys' fees, costs and expenses incurred in the

investigation, filing and prosecution of this action;

9. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury under the United States and California constitutions.

Dated: March 14, 2017

Respectfully Submitted,
TRUEBLOOD LAW FIRM

By: _____/s/_____
Alexander B. Trueblood

Attorneys for Plaintiff
JUSTIN GARCIA