UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN GARCIA and ANDREW GARCIA, <br><br> Plaintiffs, <br><br> v. <br><br> MUSHEER A. KAKISH, et al., <br><br> Defendants. | Case No.: 1:17-cv-00374-JLT <br><br> ORDER ADOPTING IN FULL THE FINDINGS AND RECOMMENDATIONS GRANTING IN PART DEFENDANT'S MOTION TO COMPEL ARBITRATION |

      Plaintiffs Justin Garcia and Andrew Garcia assert the defendants are liable for violations of the Fair Debt Collection Practices Act for actions taken during the course of a repossession of his vehicle. (Doc. 9) Defendant Santander Consumer USA Inc. asserts that Justin Garcia signed a binding arbitration agreement, and seeks to compel arbitration. (Doc. 19)

      The Magistrate Judge found Justin Garcia agreed to arbitration. (Doc. 27 at 1; 14-15) The Magistrate Judge also determined the claims of Andrew Garcia "are factually and legally intertwined with the contract setting forth the arbitration provision." (Id. at 1) Therefore, the Magistrate Judge recommended Defendant's motion to compel arbitration be granted and the matter be stayed to allow for the completion of the arbitration. (Id. at 18) Plaintiffs filed objections to these recommendations on July 11, 2017 (Doc. 29), to which Defendant filed a reply on July 18, 2017 (Doc. 31)

///

///

1

## I. FINDINGS OF THE MAGISTRATE JUDGE

As the Magistrate Judge observed, the Federal Arbitration Act ("FAA") applies to arbitration agreements in any contract affecting interstate commerce. See Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 119 (2001); 9 U.S.C. § 2. Because it was undisputed that Defendant has nationwide operations and its shipping business affects interstate commerce, the Magistrate Judge found the FAA governs the arbitration agreement in issue.

Here, the Magistrate Judge rejected Plaintiffs' assertion that the arbitration provision was unenforceable because it was contrary to public policy, finding there was "not an explicit provision waiving a buyer's right to seek public injunctive relief, and no agreement between the parties regarding whether the effect of the provision constitutes such a waiver." (Doc. 27 at 10-11) Further, the Magistrate Judge found the arbitration provision was not rendered unenforceable due to unconscionability, because of the arbitrator selection provision could be severed from the agreement. (Id. at 12-13)

Next, the Magistrate Judge found the agreement encompasses the disputed issues, because the provision "confers power upon the arbitrator to determine 'the arbitrability of the claim or dispute.'" (Doc. 27 at 14, quoting Doc. 19-1 at 8) The Magistrate Judge also determined the claims of Justin Garcia were encompassed within the provision, because the provision related to "[a]ny claim or dispute… which arises out of or relates to [the buyer's] credit application, purchase or condition of th[e] vehicle, contract or any resulting transaction or relationship." (Id. at 15, quoting Doc. 19-1 at 8) Likewise, the Magistrate Judge found the claims of Andrew Garcia were subject to arbitration as they were intimately found in and intertwined" with the claims of Justin Garcia. (Id. at 16-17)

## II. OBJECTIONS

Plaintiffs object to the findings that the arbitration clause encompasses the claims of Andrew Garcia, asserting it does not apply to a non- signatory and he should not be compelled to arbitration. (Doc. 29 at 3, citing Kramer v. Toyota Motor Corp., 705 F.3d 1122 (9th Cir. 2013)) Plaintiffs contend the Magistrate Judge "erred in applying the doctrine of equitable estoppel in favor of a signatory, against a non-signatory." (Id. at 3, emphasis omitted) According to Plaintiffs, the doctrine is inapplicable "when the claims of a non-signatory are attempted to be compelled to arbitration." (Id.)

2

Further, Plaintiffs contend "an element of the doctrine of equitable estoppel is not satisfied, because Andrew Garcia's claims are not intimately founded on the contract." (Id. at 6, emphasis omitted) Finally, Plaintiffs contend the Magistrate Judge erred in finding the arbitrator should decide whether the contract's ban on public injunctive relief is enforceable. (Id. at 11-12)

## III. DISCUSSION AND ANALYSIS

A district judge may "accept, reject or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If objections to the findings and recommendations are filed, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. A de novo review requires the court to "consider[] the matter anew, as if no decision had been rendered." Dawson v. Marshall, 561 F.3d 930, 932 (9th Cir. 2009).

### A. The FAA Legal Standards

Under the FAA, written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "The standard for demonstrating arbitrability is not a high one; in fact, a district court has little discretion to deny an arbitration motion, since the [FAA] is phrased in mandatory terms." Republic of Nicaragua v. Standard Fruit Co., 937 F.2d 469, 475 (9th Cir. 1991). "[W]here a contract contains an arbitration clause, there is a presumption of arbitrability." AT&T Technologies, Inc. v. Commc'ns. Workers of America, 475 U.S. 643, 650 (1986).

The role of the Court in applying the FAA is "limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." Chiron Corp. v. Ortho Diagnostic Systems, 207 F.3d 1126, 1130 (9th Cir. 2000), citing 9. U.S.C. § 4. Under the FAA, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Three Valleys Mun. Water Dist. v. E.F. Hutton & Co., 925 F.2d 1136, 1139 (9th Cir. 1991).

### B. Validity of the Agreement

To determine whether an arbitration agreement is valid and enforceable, the Court must apply "ordinary state-law principles that govern the formation of contracts to decide whether the parties

agreed to arbitrate a certain matter." First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995); Circuit City Stores v. Adams, 279 F.3d 889, 892 (2002). Thus, the FAA "does not apply until the existence of an enforceable arbitration agreement is established under state law principles involving formation, revocation, and enforcement of contracts generally." Cione v. Foresters Equity Servs., 58 Cal. App. 4th 625, 634 (1997).

As the Magistrate Judge observed, "Plaintiffs do not argue that the parties were not capable of consent, did not consent, or that there was not a lawful object to the contract. Further, Plaintiffs do not argue there was insufficient cause or consideration for the contract entered into by Justin Garcia for the purchase of the vehicle." (Doc. 27 at 10) Plaintiffs object to the validity of the provision on the grounds that it is not enforceable because it bans public injunctive relief and is unconscionable. (Doc. 22 at 7-8, 12; Doc. 29 at 11-12)

### 1.     Public injunctive relief

The arbitration provision stated in part, "Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action." (Doc. 22 at 7) Plaintiffs contend this provision "is contrary to California public policy and is thus unenforceable under California law" because it "directly bans arbitration of any private attorney general action for public injunctive relief, since such a claim is never brought 'on an individual basis,' but always on behalf of the general public." (Id. at 7-8, citing McGill v. Citibank, 2 Cal.5th 945, 952 (2017)) According to Plaintiffs, "since the alleged arbitration clause does not otherwise permit a court action for such private attorney general claims, it completely waives the consumer's statutory right to seek public injunctive relief as a private attorney general." (Id. at 7)

As the Magistrate Judge observed, "In McGill, the California Supreme Court was not considering the validity of an entire arbitration agreement but only the validity of a provision in the agreement that waived the 'right to seek public injunctive relief *in any forum*.'" (Doc. 27 at 11, quoting McGill, 2 Cal. 5th at 956 (emphasis in original)). In McGill, the court determined "a provision in *any* contract—even a contract that has no arbitration provision—that purports to waive, in all fora, the statutory right to seek public injunctive relief under the UCL, the CLRA, or the false advertising law is invalid and unenforceable under California law." Id., 2 Cal. 5th at 962 (emphasis in original)

Here, there was no provision waiving the right to seek public injunctive relief, and the parties have not stipulated that the scope and effect of the arbitration provision includes such a waiver. To the contrary, the arbitration provision indicates "the interpretation and scope" is a matter for the arbitrator to decide. Thus, the provision now pending before the Court must be distinguished from the facts presented to the California court in McGill. As the Northern District recently determined, a provision indicating that an arbitrator is to decide the "scope and enforceability" also indicates the arbitrator should determine whether the "agreement purports to waive [the] right to seek public injunctive relief in all fora, and, if so, what impact this has on the enforceability of the arbitration agreement as a whole." DeVries v. Experian Info. Solutions, Inc., 2017 WL 2377777, at *3 (N.D. Cal. June 1, 2017). Accordingly, the Court finds the Magistrate Judge did not err in concluding that McGill does not mandate a finding that the arbitration provision is unenforceable.

### 2.   Unconscionability

Under California law, an arbitration agreement may only be invalidated for the same reasons as other contracts. Cal. Code Civ. Proc. § 1281. For example, a contract "is unenforceable if it is both procedurally and substantively unconscionable." Davis v. O'Melveny & Myers, 485 F.3d 1066, 1072 (9th Cir. 2007). Procedural unconscionability focuses on "oppression and surprise," while substantive unconscionability focuses upon "overly harsh or one-sided results." Stirlen v. Supercuts, Inc., 51 Cal.App.4th 1519, 1532 (1997) (citations omitted). Both forms of unconscionability must be present in order for a court to find a contract unenforceable, but it is not necessary that they be present in the same degree. Davis, 485 F.3d at 1072; Stirlen, 51 Cal. App. 4th at 1532. Consequently, "[c]ourts apply a sliding scale: 'the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa.'" Id., quoting Armendariz v. Foundation Health Psychcare Services, Inc., 24 Cal. 4th 83, 99 (2000). Here, Plaintiffs challenged only the arbitration selection clause in the agreement as "unconscionable and unenforceable." (Doc. 22 at 11)

The arbitration agreement included a selection provision that stated: "You may choose the American Arbitration Association, 1633 Broadway, 10th Floor, New York, New York 10019 (www.adr.org), or any other organization to conduct the arbitration subject to our approval." (Doc. 19-

1 at 8) Plaintiffs argued the phrase "subject to our approval" rendered the cause unconscionable as it "grant[ed] Santander exclusive control over who the arbitrator will be." (Id.) The Magistrate Judge agreed, finding the provision was "procedurally unconscionable because it was offered as part of 'a standardized contract, which, imposed and drafted by the party of superior bargaining strength, relegates to the subscribing party only the opportunity to adhere to the contract or reject it.'" (Doc. 27 at 12, quoting Graham v. Scissor-Tail, Inc., 28 Cal. 3d 807, 817 (1981))  In addition, the Magistrate Judge found the provision was "substantively unconscionable also because it gives Defendant the ultimate authority over who would arbitrate the claims." (Doc. 27 at 12, quoting Stirlen, 51 Cal. App. 4th at 1532)

As the Magistrate Judge determined, however, the unconscionability of the selection provision "does not permeate the entire arbitration agreement." (Doc. 27 at 13)  Rather, the specific provision could be severed, and the arbitration agreement would remain enforceable. See Grabowski v. C.H. Robinson Co., 817 F. Supp. 2d 1159 (S.D. Cal. 2011) (finding substantively unconscionable provisions could be severed from an agreement that was not "permeated by unconscionability," thus rendering the arbitration agreement enforceable); Stacy v. Brinker Rest. Corp., 2012 WL 5186975 at *11-12 (E.D. Cal. Oct. 18. 2012) (explaining a substantively unconscionable provision could be severed because it was "collateral to the Agreement and does not permeate the Agreement with unconscionability"). Thus, the Court adopts the recommendation that the arbitrator selection provision be severed for purposes of enforcing the agreement under the FAA.

### C.  The Disputes at Issue

The Court looks to the plain language of an agreement to determine whether it encompasses the disputes in issue, and "[i]n the absence of any express provision excluding a particular grievance from arbitration . . . only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail." United Steelworkers of Am. v. Warrior & Gulf Navigation Co., 363 U.S. 574, 584-86 (1960).

As the Magistrate Judge observed, the Supreme Court determined, "Parties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy. Rent-A-Center, W., Inc. v. Jackson, 130 S. Ct. 2772, 2779-80 (2010). Significantly, here, the arbitration agreement provides the arbitrator has the

authority to determine "the arbitrability of the claim or dispute." (Doc. 19-1 at 8) Consequently, the arbitration agreement encompasses even the "gateway" issue regarding whether the claims presented by Justin and Andrew Garcia are subject to arbitration. For this reason, the Magistrate Judge did not err in finding the issues in dispute are subject to the arbitration agreement.

Moreover, as the Magistrate Judge determined, the claims of Andrew Garcia and Justin Garcia were "intimately founded in and intertwined." (Doc. 27 at 16-17) In the First Amended Complaint, Plaintiffs did not "distinguish the claims of Justin Garcia from those of Andrew Garcia for violations of the Fair Debt Collection Practices Act, Rosenthal Fair Debt Collection Practices Act, or the Collateral Recovery Act." (Id. at 16) Instead, Plaintiffs chose "to base the claims for both plaintiffs on the same factual allegations" and argued "their matters should be decided together." (Id.) Thus, contrary to Plaintiffs argument, this Court agrees Andrew Garcia's claims are rooted in the contract, with the claims of Justin Garcia. As result, the claims of Andrew Garcia should be arbitrated with the claims of Justin Garcia. See Goldman v. KPMG, LLP, 173 Cal. App 4th 209, 221 (2009) (claims of a non-signatory to an arbitration clause may be compelled to arbitration where the causes of action are "intimately founded in and intertwined" with the claims of the signatory; Sam Reisfeld & Son Imp. Co. v. S. A. Eteco, 530 F.2d 679, 681 (5th Cir. 1976) (noting the "federal policy in favor of arbitration").

**IV.   CONCLUSION AND ORDER**

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C) and Britt v. Simi Valley United School Dist., 708 F.2d 452, 454 (9th Cir. 1983), this Court conducted a de novo review of the case. Having carefully reviewed the file, the Court finds the Findings and Recommendations are supported by the record and proper analysis.

Accordingly, **IT IS HEREBY ORDERED**:

1. The Findings and Recommendations dated June 27, 2017 (Doc. 27) are **ADOPTED IN FULL**;
2. Defendant's motion to compel arbitration is **GRANTED**;
3. The clause concerning the selection of the arbitrator be severed from the arbitration provision;
   a. the Court propose JAMS, AAA and ADR Services, Inc. as potential arbitration

7

agencies; and

    b.    each side is permitted to exercise one "strike" such that the one agency remaining will act as the arbitration agency in the action;

4. The parties **SHALL** meet and confer regarding the selection of an arbitrator, and file a joint status report within thirty days of the date of service of this order, identifying the arbitrator selected;

5. The matter is **STAYED** to allow the completion of the arbitration;

6. Counsel **SHALL** file a joint status report within 120 days, and every 120 days thereafter, regarding the status of the arbitration;

7. Counsel **SHALL** file a joint status report within 10 days of the determination by the arbitrator; and

8. The Court hereby retains jurisdiction to confirm the arbitration award and enter judgment for the purpose of enforcement.

IT IS SO ORDERED.

Dated: **September 28, 2017**　　　　　　**/s/ Lawrence J. O'Neill**
　　　　　　　　　　　　　　　　　　　　UNITED STATES CHIEF DISTRICT JUDGE