**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUSTIN GARCIA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MUSHEER A. KAKISH, et al., <br><br> Defendants. | Case No.: 1:17-cv-0374 - LJO-JLT <br><br> ORDER TO THE PARTIES TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO COMPLY WITH THE COURT'S ORDER |

The Court stayed this action to allow the completion of arbitration, and ordered the parties to file a joint status report every 120 days. (Doc. 34 at 8) The parties last filed a joint status report on June 27, 2018. (Doc. 40) Thus, they were to file another joint report regarding the status of arbitration no later than October 25, 2018. However, the joint status report has not been filed.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may impose sanctions based on a party's failure to obey a court order. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (imposing terminating sanctions for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987)

1

(sanctions for failure to comply with a court order).

Accordingly, within fourteen days the parties **SHALL** show cause in writing why the sanctions should not be imposed for their failure to follow the Court's Order or, within the same 14-day period, file a joint status report.

IT IS SO ORDERED.

    Dated: __**November 5, 2018**__            __**/s/ Jennifer L. Thurston**__
                                                                     UNITED STATES MAGISTRATE JUDGE